Argued and submitted April 11, 2019, Portland Community College, Cascade Campus, Portland; reversed and remanded July 1, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRINIDAD ALATORRE,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR23579; A165341

469 P3d 216

Defendant appeals his conviction for fourth-degree assault, assigning error to the trial court's denial of his motion to suppress evidence collected inside his home. The state concedes that the trial count erroneously concluded that it did not matter whether a third party had authority to consent to police entry into the home. The parties disagree, however, on the disposition. *Held*: The trial court erred in concluding that it did not matter whether the third party had authority to consent to the officers' entry, and remand is required under these circumstances, because the Court of Appeals cannot be confident that the error did not impede development of the record.

Reversed and remanded.

Henry Kantor, Senior Judge.

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Lagesen, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

**ARMSTRONG, P. J.**

Defendant appeals his conviction for fourth-degree assault, ORS 163.160 (2017), *amended by* Or Laws 2017, ch 337, § 1. He assigns error to the trial court's denial of his motion to suppress evidence collected after a third party admitted police officers into his home. The state concedes the error. We accept the state's concession and reverse and remand.

On the day in question, two employees of an organization that was providing services to defendant, NARA Northwest (NARA), went to defendant's home after receiving a second- or third-hand report that he was holding a woman there against her will. Defendant let them in, and inside the home they encountered a woman with facial injuries. The NARA workers, the woman, and defendant had some discussion.

Police had also received a report that a woman was being held hostage by defendant inside the home. While defendant was with the NARA workers, police arrived at the door and knocked. One of the NARA workers answered the door, let the police in, and led them to defendant. After they entered the home, officers made observations, interviewed defendant and the woman, photographed the woman's injuries, and spoke with the NARA workers. Defendant was arrested and charged with fourth-degree assault for having caused—at an earlier date—the woman's injuries.

Pretrial, defendant moved to suppress the evidence that police collected inside his home, arguing that the NARA worker did not have authority to consent to police entering or searching his home. The state filed a written response, asserting that the entry was lawful under emergency-aid and community-caretaking exceptions to the warrant requirement, and that, even if the entry were unlawful, the evidence would inevitably have been discovered.

At a pretrial hearing to resolve a number of issues, including this motion and other motions to suppress and exclude evidence, several witnesses, including the NARA workers, testified. The trial court first addressed other motions. When the trial court addressed this motion, it

summarily rejected the legal basis of the motion—that a third party's lack of authority to consent to police officers' entry into a home matters in determining the legality of a search. The court did not further address that motion; it denied the motion without hearing any argument from the state or making any findings or addressing the state's arguments on the lawfulness of the search.

On appeal, the state concedes that the trial court erred when it rejected the legal basis for the motion to suppress, and it concedes that defendant's conviction must be reversed. We agree and accept the state's concession. *See State v. Bonilla*, 358 Or 475, 486, 366 P3d 331 (2015) ("[T]he existence of valid third-party consent depends either on the third party's common authority over the property based on her or his own property interest *** or, alternatively, on the application of agency principles." (Internal citation omitted.)).

The state also argues that the case must be remanded for the trial court to allow the parties "to litigate the merits of defendant's motion to suppress," because the court never actually held a hearing on that motion, and the state did not present evidence on it. In reply, defendant argues that the record is clear that the evidence that was admitted at the hearing was intended by both the parties and the court to make the record for all of the pending motions. He argues that the parties did not intend to recall witnesses to make a further record for the motion to suppress at issue here. Defendant asserts that the record is not sufficient to support a ruling in the state's favor on its asserted lawful bases for the entry and collection of evidence. Defendant concludes that, because the record was made and the state had the burden of production and persuasion, the evidence collected after police entered his home must be suppressed.

Although we agree with defendant that the evidence presented at the hearing was intended at the outset to address all of the pending motions, we do not agree that there is nothing left for the trial court to determine and that suppression is therefore required. Because the court summarily rejected the basis for defendant's motion to suppress, it never made any findings and did not address or rule on

the state's asserted justifications. We reverse and remand for further proceedings.[1]

Reversed and remanded.

---

[1] We have examined the record, and this is not a case where we can be confident that the trial court's error did not impede the development of the record by the parties below. *Cf. State v. Sheriff*, 303 Or App 638, 640-41, 465 P3d 288 (2020) (where trial court had not ruled on other asserted justifications for a search, we did not remand for trial court to rule on them when—on the fully developed factual record—the state could not prevail). Here, although at the outset of the hearing it seemed clear that the parties intended to make a record for all of the pending motions, there were a number of issues that were addressed before and during the NARA witnesses' testimony. Those included issues regarding the extent to which the witnesses could testify at the hearing. It is unclear whether, at the point that the trial court took up the motion at issue here, the parties and the court had lost sight of that motion, and it is unclear whether the record would have been further developed had the trial court not ruled as it did. The witnesses had been told to remain available for the bench trial that followed the hearing. Our disposition is intended to place the parties in the position in which they would have been had the trial court recognized that a third party's lack of authority to consent to an entry and search could invalidate a search. We express no opinion on whether the trial court would or could permit further evidence to be taken on remand, were that to be requested.