No. 643          December 6, 2023          435

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY SCOT JOHNSON,
*Defendant-Appellant.*
Harney County Circuit Court
21CR15678; A177771

Robert S. Raschio, Judge.

Submitted October 3, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Conviction on Count 1 reversed and remanded; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for delivery of methamphetamine, ORS 475.890 (Count 1); interfering with a peace officer, ORS 162.247 (Count 2); and disorderly conduct in the second degree, ORS 166.025 (Count 3). Defendant assigns error to three trial court rulings, arguing that the errors were harmful only with regard to Count 1. In defendant's first assignment of error, he challenges the court's denial of his motion to suppress evidence obtained from the door handle of his car. Defendant argues that the court, in making its ruling, relied on the *per se* exigency rule for automobile searches, which has since been rejected by the Supreme Court. In defendant's second and third assignments of error, he challenges the trial court's refusal to instruct the jury on the lesser-included inchoate crime of attempted delivery of methamphetamine and the court's failure to submit that possible crime to the jury for its consideration. Defendant argues that the court erred when it concluded that the evidence could not support a conviction for the inchoate crime of attempted delivery. He requests that we reverse and remand for a new trial on Count 1, with instructions for the court to suppress the evidence found in the handle of his car door. The state concedes that the court erred in all three rulings, and agrees that we should reverse, but argues that we should remand for further proceedings on the motion to suppress so that the court can consider other arguments it never reached. For the following reasons, we accept the state's concessions, reverse on Count 1, remand for further proceedings, including on the motion to suppress, and otherwise affirm.

The facts on appeal are undisputed. Officers responded to a 9-1-1 dispatch that described a man with a gun going door to door in an apartment complex, arguing with residents. When officers arrived at the apartment complex, they saw defendant's car idling in the street and defendant walking away from the apartment complex with a gun in his hand. As officers arrested defendant, he stated that his friend, Josh, was being held at gunpoint in the apartment complex and that he was there to rescue Josh. Defendant's phone showed that Josh texted defendant, stating that he

was being held at gunpoint. Some officers turned their attention away from defendant to address that new information. Defendant then asked one of the remaining officers to turn off his idling car. When the officer approached the car to turn it off, he saw, in plain view, a digital scale, plastic baggies, and what the officer believed to be methamphetamine residue. The officer turned defendant's car off and reapproached defendant. The officer asked defendant some questions, then returned to the car to conduct a more thorough search, which revealed .71 grams of methamphetamine in the door handle of defendant's car. Officers also found .29 grams of methamphetamine on defendant's person.

Defendant first assigns error to the trial court's denial of his motion to suppress evidence that the officer found in his car. We review a trial court's ruling on a motion to suppress for errors of law. *State v. Goodall*, 219 Or App 325, 330, 183 P3d 199 (2008). The trial court denied defendant's motion to suppress the methamphetamine found in the door handle of defendant's car because it concluded that the search fell within the *per se* exigency rule for automobile searches. The trial court ruled on that motion three months before the Supreme Court decided *State v. McCarthy*, which abrogated the *per se* exigency rule for automobile searches. 369 Or 129, 177, 501 P3d 478 (2021) (overruling *State v. Brown*, 301 Or 268, 721 P2d 1357 (1986)). When reviewing a trial court ruling, we apply the law in effect at the time of appeal. *Ossanna v. Nike, Inc.*, 290 Or App 16, 33, 415 P3d 55 (2018), *aff'd*, 365 Or 196, 445 P3d 281 (2019). Accordingly, under *McCarthy*, "to justify a warrantless seizure or search of a vehicle based on exigent circumstances, the state must prove that exigent circumstances actually existed at the time of the seizure or the search." 369 Or at 177. Because the trial court applied the now-incorrect legal standard in its ruling on defendant's motion to suppress, we agree with defendant that the trial court erred and accordingly accept the state's concession of error.

Defendant next assigns error to both the trial court's failure to instruct the jury on the inchoate crime of attempted delivery of methamphetamine and its failure to submit that possible crime to the jury for its consideration.

The state concedes that the trial court erred. In light of the Supreme Court's decision in *State v. Hubbell*, 371 Or 340, 537 P3d 503 (2023), we accept the state's concession on the second and third assignments of error.

We must consider whether the trial court's errors were harmless. *State v. Davis*, 336 Or 19, 27, 77 P3d 1111 (2003). An error is harmless if there is "little likelihood that the particular error affected the verdict." *Id.* at 32. Here, we cannot conclude that the error in failing to suppress evidence of the methamphetamine in defendant's car was harmless. The jury ultimately considered evidence that defendant possessed some methamphetamine that would have otherwise been excluded. Because the state's theory of the case rested on defendant's intent to transfer methamphetamine for the release of his friend, the jury likely considered the amount of methamphetamine recovered from the defendant to be probative of that theory. Because that error was harmful and, as discussed below, we are remanding the case for further proceedings, we do not need to address harmlessness as to the second and third assignments of error.

The only remaining issue is the disposition. Where, as here, the trial court has not made findings or ruled on all of the state's arguments against suppression, we have declined to summarily decide the issue on appeal. *State v. Alatorre*, 305 Or App 71, 73, 469 P3d 216 (2020). Therefore, we remand for further proceedings. We also decline to limit the scope of argument on remand. We have previously noted that the law contemplates "that each party may seek to present new arguments on remand, and otherwise advise that the trial court is in the best position to determine the appropriate scope of the proceedings on remand." *State v. Davis*, 288 Or App 451, 453, 406 P3d 218 (2017).

Conviction on Count 1 reversed and remanded; otherwise affirmed.